DETERMINED IN THE

# FOURTH DEPARTMENT,

AT

## GENERAL TERM,

### November, 1886.

EDMUND D. CROSLEY, Respondent, *v.* CALVIN F. COBB, Appellant.

*Costs — there must be a recovery to entitle a defendant, succeeding on some of the issues, to recover costs — Code of Civil Procedure, sec. 3234.*

Upon the trial of this action the court, upon the motion of the defendant's counsel, granted a nonsuit in so far as concerned two of the four counts which were contained in the complaint. The plaintiff recovered a general verdict of fifty dollars.

*Held,* that there was no recovery upon one or more of the issues on the part of the defendant which entitled him to costs, as against a plaintiff, under the provisions of section 3234 of the Code of Civil Procedure.

*Blashfield* v. *Blashfield* (41 Hun, 249) distinguished.

APPEAL from an order made at the Onondaga Special Term refusing costs to the defendant.

The plaintiff recovered a general verdict of fifty dollars. There was no verdict, or special or general finding upon an issue of fact, in favor of the defendant, at the circuit where the cause was tried before Mr. Justice FISH and a jury.

*J. W. Saggett* and *F. Pierce,* for the appellant.

*A. P. & D. E. Smith,* for the respondent.

HARDIN, P. J.:

Four counts were stated in the complaint. At the trial, upon defendant's motion, it was held that the second count did not state

a cause of action, also the third count, and the court granted a nonsuit so far as that count was concerned. (See Mem. of FISH, J., and proposed certificate referred to in his Mem.)

Before a defendant is entitled to costs, under section 3234 of the Code of Civil Procedure, it must appear that he has recovered upon one or more of the causes of action. (*Briggs* v. *Allen*, 4 Hill, 538.) It does not so appear in this case. Defendant must stand by and be bound by the holding had at the circuit at his instance.

The section provides that if the plaintiff recovers upon one of the issues of fact, and the defendant "upon the other or others," then costs may be awarded to each party. If the defendant had demurred to the defective counts, and it had been held that they did not state facts sufficient to constitute a cause of action, of course it could not have been claimed that the defendant had recovered "upon an issue of fact;" but instead he raised the question at the trial and it was held, as a matter of law, that the counts were defective. There was no recovery or verdict upon a "cause of action" in favor of defendant. In *Blashfield* v. *Blashfield* there was an issue of fact as to each of the two notes set out in the complaint, and a recovery by plaintiff on one and a recovery by defendant on the issue of fact as to the other. That case does not aid the defendant here. There was in the case in hand no recovery by the defendant. (*Cooper* v. *Jolly*, 30 Hun, 224; S. C., affirmed, 96 N. Y., 667; *Kilburn* v. *Lowe*, 37 Hun, 237.)

Our conclusion is that the Special Term order should be affirmed.

BOARDMAN and FOLLETT, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.